**Opinion filed March 27, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00100-CR
_____

## MANUEL EDWARD MANTOS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR21539**

## M E M O R A N D U M   O P I N I O N

Manuel Edward Mantos pleaded guilty in June 2012 to aggravated assault with a deadly weapon. The trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for a term of ten years. In July 2012, the State filed a motion to proceed with an adjudication of guilt based upon Appellant's alleged violations of the terms and conditions of his community

supervision. At a hearing on the State's motion to adjudicate, Appellant pleaded "true" to nine of the ten allegations. The trial court found all ten of the allegations to be true, adjudicated Appellant guilty of the charged offense, made an affirmative deadly weapon finding, and assessed Appellant's punishment at confinement for fifteen years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and to proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

---

[1]By letter, this court initially granted Appellant thirty days in which to exercise his right to file a response to counsel's brief. The response, if any, was due for filing on or before November 6, 2013. Appellant filed a pro se motion for extension of time to file a response. We granted the motion in part and ordered that the response was due for filing in our court on or before January 20, 2014. Appellant has not filed a response.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

March 27, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.